Fourth Appellate Department, June, 1902. Reported. 73 App. Div. 621.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* FRANK-
LIN FITCH, Appellant.

*W. W. Waring,* for appellant.

The indictment is bad because it charges more than one crime,
namely selling liquors, exposing and offering liquors for sale and
giving away liquors. (*People* v. *Kipfel,* 160 N. Y. 371; *People* v.
*Haren,* 35 Misc. 590; *People* v. *Wilson,* 151 N. Y. 403; *People* v.
*O'Donnell,* 46 Hun, 358; *People* v. *Dumar,* 106 N. Y. 502; *People
ex rel. Foeligh* v. *Mastell,* 94 N. Y. 179; *People* v. *McGloin,* 91 N. Y.
250.) It does not contain a "plain and concise statement of
the facts" because it does not inform him as to which of the three
offenses he is to be tried for. (*People* v. *Starks,* 136 N. Y. 541;
*People* v. *Bates,* 61 App. Div. 559; *People* v. *Adams,* 17 Wend.
475; *Hodgman* v. *People,* 4 Denio, 235; *People* v. *Tounsey,* 5
Denio, 70; *Osgood* v. *People,* 39 N. Y. 449; *People* v. *Huffman,* 24
App. Div. 233.) Evidence as to sales to persons not named in
the indictment was inadmissible. (*People* v. *Huffman, supra*)
and the error is not cured by directing the jury to disregard it.
(*Erben* v. *Lorrillard,* 19 N. Y. 299; *Arthur* v. *Griswold,* 55 N. Y.
400.) The judgment must be reversed if defendant might have
been injured by improper testimony. (*Smith* v. *Isaacs,* 58 N. Y.
680; *Brague* v. *Lord,* 67 N. Y. 495; *O'Hagan* v. *Dillon,* 76 N. Y.
170.) The proof must establish guilt beyond a reasonable doubt.
(*People* v. *Kelly,* 11 App. Div. 499; *People* v. *Burnett,* 49 N. Y.
137; *People* v. *Owens,* 148 N. Y. 648; *People* v. *Utter,* 44 Barb.
170; *People* v. *Fitzgerald,* 156 N. Y. 253.)

There being no proof that hop soda was a wine or was distilled
or rectified or a liquor which the court would take judicial notice
that it was distilled or rectified spirits, the People should have
established that it was not only a fermented or malt liquor but
that it was intoxicating.

*George W. Cole,* District Attorney, for respondent.

The indictment is good. (*People* v. *Burns,* 53 Hun, 274;
*People* v. *Harris,* 28 N. Y. St. Rep. 297, affd. 123 N. Y. 70; *Com-*

monwealth v. *Anthes,* 12 Gray, 29; *Commonwealth* v. *Busher,* 14 Gray, 83; *People* v. *Adams,* 17 Wend. 475; *People* v. *Huffman,* 24 App. Div. 233.)

Statutory designation of "liquor" in indictment is sufficient. (*Com.* v. *Anthes,* 12 Gray, 29; *Com.* v. *Busher,* 14 Gray, 83; Bishop's New Crim. Proc. Vol. 1, § 358; McClain on Criminal Law, Vol. 2, § 1237.) Proof that hop soda was a fermented or malt liquor was sufficient. Evidence that it was intoxicating was proper to show it to be liquor of some sort.

It was proper to show by other witnesses other sales than the one charged (1) to show character of "hop soda" and (2) to show sales were made with consent and by authority of defendant. (*People* v. *Schulman,* 80 N. Y. 373; *People* v. *Coleman,* 58 N. Y. 555; *People* v. *Molineux,* 168 N. Y. 264.) Acts of bartender were within scope of his authority and bound the defendant. (Bishop on Stat. Crimes, § 1049; *Davies* v. *Bemis,* 40 N. Y. 453; *People* v. *Hurlburt,* 4 Denio, 133; *V. C. C. Co.* v. *Murtaugh,* 50 N. Y. 319; *People* v. *Banney,* 39 N. H. 206; *Gathering* v. *State,* 44 Misc. 343; *Hall* v. *McKechnie,* 22 Barb. 245; *Vallance* v. *Everts,* 3 Barb. 353; *Matter of Lyman,* 44 App. Div. 46.)

Judgment of conviction affirmed and case remitted to County Court of Cattaraugus county pursuant to section 547, Code of Criminal Procedure.

All concurred.